## BATTELLE v. CONNOR.

The District Court has the power to impose terms to the granting of new trials in proper cases.

Where a party complies with the terms imposed, and avails himself of the advantage of the order, he cannot afterward question its correctness.

APPEAL from the Superior Court of the City of San Francisco.

The case is decided upon a question of practice, which appears in the opinion of the Court.

*Henry B. Janes*, for Appellant.

*Ely & Rankin*, for Respondent.

The opinion of the Court was delivered by Mr. Justice TERRY.    Mr. Chief Justice MURRAY concurred.

This cause was first submitted to a referee, who reported a judgment in favor of plaintiff.

Defendants applied for a new trial; first, for insufficiency of evidence, and second, for variance between the complaint and the proof.

It appears from the papers, that the complaint charged a contract with the defendants individually, and the evidence showed a contract with Gilbert & Co., of which firm defendants were members.

The Court below made an order granting a new trial, on condition that defendants should file a stipulation waiving all objections to the plead-

ings, and consenting that the case be tried on its merits.   To this order, imposing terms as a condition to granting a new trial, defendant excepted, but afterwards filed the stipulation required, and a new trial was had before a jury, who rendered a verdict in favor of plaintiff, and from the judgment entered upon this verdict defendant appeals.   On the trial, after plaintiff had concluded his evidence, defendant moved for a non-suit, upon the same grounds taken in the motion for new trial; the refusal of the Court to non-suit plaintiff is assigned as error.

The complaint was defective, in not joining the persons who were proper parties to the suit; but this objection had been expressly waived by defendants, in order that they might have the benefit of a new trial of the cause; and the Court properly refused the motion.

It is contended that the Court erred in imposing terms upon defendants, for that the Court had no power to require defendant to waive any legal objection to the pleadings.   We have decided in the case of May v. Hanson, that the District Court has power to impose terms to the granting of new trials in proper cases.   Whether the case under consideration was a proper one, we do not think it necessary to determine, for the reason that we will not permit a party, after having complied with the terms proposed, and availed himself of the advantage of the order, to question its correctness.

Upon the whole, it appears that there is no error in the record, and the judgment of the Court below is affirmed, with costs.