## FARLEY v. MORAN et al.

### No. 14,868; October 4, 1892.

#### 31 Pac. 158.

**Railroads—Bond to Build Fences.**—In proceedings to condemn land for a railroad, the complaint prayed the court to ascertain, in accordance with Code of Civil Procedure, section 1248, the cost of fences along the line of the road, and of cattle-guards where necessary, and a bond for the construction of the fences was given, with the sureties required by section 1251. Held, in an action to recover from the sureties for violation of the bond, that, since the principals had taken possession of the land and built their railroad, sufficient consideration had passed to support the contract in the bond, even if the bond given was not a statutory one.

**Suretyship—Violation on Part of Sureties.**—In an action against sureties for violation of a bond by the principals it is not necessary to allege any violation on the part of the sureties.

**Railroads—Bond to Build Fence.**—Where a Company Violates a bond to construct a fence along its railroad through plaintiff's land, plaintiff need not construct the fences before bringing an action on the bond.

**Railroads—Bond to Build Fence.**—In an Action for Violation of such a bond it need not be alleged or proved that the fences agreed to be built are necessary.

APPEAL from Superior Court, Lassen County; W. F. Masten, Judge.

Action by Catherine Farley against Moran Bros. and J. W. Doyle and J. C. Wimple for violation of a bond. From a judgment for plaintiff defendants Doyle and Wimple appeal. Affirmed.

Spencer & Raker for appellants; Goodwin & Goodwin for respondent.

FOOTE, C.—This action is on a bond executed by Moran Bros. as principals, and J. W. Doyle and J. C. Wimple as sureties. The principals were never served with summons, and judgment was rendered against the sureties only. From that, and an order refusing a new trial, the defendants bring this appeal.

The bond was given under a proceeding for the condemnation of land for a public use; that is, for the building of a railroad. Those proposing to condemn the land were not associated as a corporation, but as copartners. It is provided in section 1244, Code of Civil Procedure, what parties may file a complaint in such an action; and the principals of the bond involved here are such parties as are included in the provisions of that statute. In section 1248, among other matters which must be done by the court, jury, or referee in assessing the damages by way of compensation to the owner of the land sought to be taken for a public use, is this: "That, if the property sought to be condemned be for a railroad, the cost of good and sufficient fences along the line of such railroad, and the cost of cattle-guards where fences may cross the line of such railroad," must be ascertained and assessed by court, jury, or referee upon the legal testimony offered. The complaint in the action for condemnation proceedings, in which the bond in suit was given, prayed that this statutory provision should be complied with, and, in accordance with that prayer, the provision of the law was complied with. The sureties on the bond given in that proceeding under section 1251, Code of Civil Procedure, and against whom a judgment for a breach of the conditions of the bond was made and given in this action, now claim that the bond is void, and cannot

be the basis of a recovery in the action. Their argument in
support of this proposition is that, as to parties such as the
principals on the bond and the defendants here, such a bond
could, under the statute, only be given as compensation for
damages done to the plaintiff's land, or the taking of the same
for a public use; and that such a bond is not the just com-
pensation "first made or paid into court" for the land owner,
as is required by section 14 of article 1 of the state constitu-
tion; that, therefore, the statute which authorizes such a bond
as to the parties here giving it is unconstitutional, and the
bond unauthorized by any valid law, and entirely void as a
contract. The principals of this bond, however, prayed the
court to proceed as it did in the condemnation suit, and have
the damages ascertained and assessed for the fences required
by the statute. They voluntarily gave the bond, and by vir-
tue of that took possession of the plaintiff's land, and devoted
it to a public use; that is, the building of a railroad. They
thus received a consideration sufficient to support the con-
tract contained in the bond, even if it be not a statutory
bond. Upon a similar question, this court said: "We will
not permit a party having complied with the terms proposed,
and availed himself of the advantage of the order to question
its correctness": Battelle v. Connor, 6 Cal. 140. And it was
said in Hathaway v. Davis, 33 Cal. 169: "Nor is the point
that the appeal from the judgment was not taken within time,
and that for that reason the undertaking of the sureties was
without consideration, available to the defendants. Concede
that the undertaking did not operate to legally stay proceed-
ings under the judgment (a point which we do not decide),
yet it in fact had that effect, and the appellants received all
the benefit for which their sureties contracted; and, were
they now allowed to say that their undertaking was nudum
pactum, gross injustice might be done to the plaintiff, because
he did not choose to act upon a doubtful right." The cases
cited in opposition to this view are not, as we think, in point.

It is further insisted that the complaint fails to state a
breach of the contract sued on. It is said in this connection
that the bond requires the money to be paid into court, and
that the complaint does not allege that it has not been paid
into court, and therefore the demurrer should have been sus-
tained. An inspection of the bond shows that the contention
is not sound. The money was obligated to be paid to the

plaintiff in the event of the failure of the Moran Bros. to build the fence, and the complaint alleges that the Moran Bros. have not paid the plaintiff any portion of the money which the bond obliged them to pay upon their failure to build the fences. It is further alleged that no breach of the bond is alleged as to the sureties; that the breaches alleged are only those of the principals. We do not perceive any force in this argument. The sureties were bound to pay on the failure of the principals to comply with the obligation, and it is alleged that they did not comply with it in a certain respect. The appellants argue further, in support of their position, that the demurrer should have been sustained, because the complaint does not state that the plaintiff had built the fences. We are unable to perceive wherein the law compels her to do this as a condition precedent to being paid the money wherewith to do it, which the defendants obligated themselves to pay. Certainly the case of Butte Co. v. Boydston, 64 Cal. 117, 29 Pac. 511, cited by appellants in aid of this contention, affords no support therefor. When the railroad or other obligor in the bond fails to build the fences according to the obligation, the case cited, supra, declares that "the land owner may sue upon the bond," just as has here been done. If the land owner obtains the money due upon a bond, and then does not build the fences, it is declared in that case that the land owner is responsible to the railroad company in certain cases; but nowhere is there any intimation in that case that the owner of the land shall build the fences before bringing suit on the bond, when the obligors have failed to build them. The appellants urge further, as a reason for the reversal of the judgment and order, that there was no allegation in the complaint, proof adduced, or finding made that the fences were necessary. The bond did not contain anything which limited the responsibility of Moran Bros. and their sureties to build necessary fences only. The bond being valid, under the circumstances of this case, a recovery could be had without alleging, proving, or finding anything outside of its terms. We perceive no prejudicial error in the record, and advise that the judgment and order be affirmed.

We concur: Belcher, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.