(Lucas County Common Pleas.)

## AMERICAN EXCHANGE BANK v. BRENZINGER.

(1) It is not the duty of the court in all cases to either absolutely grant or overrule the motion for a new trial. Cases frequently arise where the motion for a new trial is addressed to the discretion of the court and in such cases, if a new trial is granted, it may be granted upon condition.

(2) Where the applicant for a new trial, through the inadventence or misapprehension of his attorney, failed to offer material evidence upon the first trial and voluntarily, without fraud or mistake, gives a bond to pay any judgment rendered against him in a new trial, wheich is granted upon the giving of the bond, not because applicant was entitled thereto, but solely in furtherance of justice, such bond, unless prohibited by statute, constitutes a valid common law obligation.

(3) The granting of a new trial, under circumstances saied, where no legal right thereto existed in favor of the applicant, constitutes a sufficient consideration for the bond required.

(4) A party who voluntarily, without fraud or mistake, gives a bond required as a condition to a new trial, granted in furtherance of justice and to which applicant was not legally entitled, and who receives the benefit of a new trial, is estopped from denying liability under the bond.

(5) An error in overruling the motion for a new trial, which the court declines to grant unless applicant will give bond, is waived by subsequently giving the bond and obtaining the new trial.

(The decision in this case was affirmed by the circuit court, 19 C. C., 536.)

Pugsley, J.

This is a demurrer to the petition, and was submitted to the court upon briefs. I will say that I have not had the benefit of an oral argument of this case, and while there is a very full citation of authorities in the briefs on various legal propositions, there does not seem to be such a clear application as I would like of these authorities to the facts of this case.

The petition shows these facts: The plaintiff brought an action in this court against the defendant, William F. Brenzinger, which was tried to a jury, resulting in a verdict in favor of the plaintiff for the sum of $426.78. The defendant filed a motion for a new trial, on consideration of which motion the court refused to grant it, and ordered that it be overruled, unless the defendant would execute a bond to the plaintiff in the sum of $500, with sufficient surety, conditioned that defendant would pay any judgment which the plaintiff might recover against him. The said defendant as principal and the other defend-

ant, Carrie K. Brenzinger, as surety, executed and delivered to the plaintiff such a bond. On the execution and approval of the bond the court set the verdict aside and granted to the defendant a new trial. A new trial was had, and upon such new trial the plaintiff recovered a judgment against the defendant for the sum of $326.41, and that judgment is still in full force, and is wholly unpaid. The action is brought upon the bond to recover of the defendants the amount of the judgment and interest and costs.

The substance of the contention on the part of the defendants, if I understand it correctly, is that the bond sued on was without consideration and void, for the reason that the defendants were compelled to give it in order to enable the principal defendant to avail himself of what was his strict legal right; in other words, the claim is that the defendant was entitled to have his motion for a new trial granted unconditionally, and that therefore the bond is not based upon a lawful consideration, and was not voluntarily given.

The petition shows that the court refused to grant the detendant's motion for a new trial unless he would enter into a bond to pay any judgment that might be recovered against him on such new trial. This was in effect saying to the defendant that he was not legaily entitled to a new trial, but if he would give the bond required, the court, in the furtherance of justice and in the exercise of its discretion would grant him a new trial.

Strictly speaking, the motion was not granted on condition of the defendant's giving the bond, because the motion for a new trial was overruled, and the granting of a new trial was not done until the bond was given. Of course if it appeared that the court found that there was good ground for a new trial, but refused to grant it unless defendant would give a bond, it might justly be claimed, whatever the form of the order, that the court in effect granted a new trial on condition that defendant would give a bond. But this does not appear. The motion for a new trial was overruled, and if no bond had been given judgment upon the verdict would have followed. The bond having been given, the verdict was set aside and a new trial granted. In this collateral proceeding the presumption is that in overruling the motion the court acted correctly and in accordance with the law, and thereby found that there was no good ground for a new trial. It may be conceded that if the defendant was entitled as a matter of legal right to a new trial, it was the duty of the court to grant a new trial unconditionally, and if in

such a case the court should grant a new trial on condition that the defendant give a bond, and then on the failure of the defendant to give the bond should overrule the motion and enter judgment on the verdict, such action of the court would be reversible error. But this concession does not dispose of the question which we have here. In this case it does not appear that the defendant was entitled to a new trial, and furthermore, the defendant complied with the condition by giving the bond. The error, if there was any, in overruling the motion, was waived by the defendant in giving the bond and asking and obtaining a new trial; and the question now is, not whether the court erred in overruling the motion for a new trial, but whether the defendants are liable upon the bond.

An examination of the statute relating to new trials and of the decisions of the Supreme Court shows that cases frequently arise where a motion for a new trial is addressed to the discretion of the court. and in such cases, where it is in the discretion of the court to grant or refuse a new trial, it is well settled that the court may grant a new trial upon proper terms or conditions.

In Ferguson v. Gilbert, 16 Ohio St., 88, it was held that a motion for a new trial based on the ground that counsel were led by a misapprehension of the law to abstain from offering evidence pertinent to the issue is addresesd to the sound discretion of the court under all the circumstances of the case, and its action thereon is not subject to review upon error.

So also in the case of Smith v. Bailey, 26 Ohio St.. 1, it was held that a motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the court, and its rulings thereon cannot be assigned for error, unless there was a manifest abuse of discretion.

In Heffner v. Scranton, 27 Ohio St., 479, the court recognized the rule that orders which lie within the discretion of the court may be made dependent upon the performance of conditions. The judge says in delivering the opinion of the court, "When the court has the power to allow or refuse, it may allow on terms which it sees fit to impose."

There is also a class of cases where the court may properly refuse to grant a new trial notwithstanding the positive provisions of the statute.

Section 5305, Revised Statutes, provides, in subdivisions 5, that "a new trial shall be granted for error in the assessment of the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;"

and in subdivision 6 that "a new trial shall. be granted where the verdict, report, or decision is not sustained by sufficient evidence, or is contrary to law."

In Durell v. Boyd, 9 Ohio St. 72, which was. an action for a conversion, the trial court finding on the hearing of a motion by the defendants for a new trial that the jury had erred in the assessment of damages to the extent of $450, ordered that unless the plaintiff would remit from the verdict that sum, a new trial would be granted. The plaintiff entered the remitter and the court overruled the motion. The defendants excepted, and took the case up on error, contending that having found that the jury in the assessment of damages, it was the duty of the court under the statute to grant a new trial. The Supreme Court held that upon these facts, there was no error in overruling the motion, for a new trial.

In Pendleton St. R. R. Co. v. Rahmann, 22 Ohio St., 446, it was held that when damages assessed by a jury in an action for a personal injury are excessive, but not in a degree to necessarily imply the influence of passion or prejudice, the court, in the exercise of a sound discretion may make the remitter of the excess the condition of refusing to grant a new trial.

In these and similar cases it is held that neither party can complain of the action of the court. The plaintiff cannot complain, because the action of the court was with his consent. The defendant cannot complain, because he is not prejudiced by a reduction of the verdict. He has the same right to object to the verdict reduced which he had to the original verdict, and no other or different right. These authorities are cited simply to show that it is not the duty of the court in all cases either to absolutely grant or overrule the motion for a new trial. It the granting of the motion is in the discretion of the court, it may be granted upon condition. If the evidence does not warrant so large a verdict. the court may refuse to grant the motion, if the amount for which the verdict is excessive is remitted.

In the case which has already been referred to—Heffner v Scranton, supra, the trial court found that the verdict in favor of the defendants was against the weight of the evidence, and ordered that a new trial be granted to the plaintiffs on their paying the costs within a certain time. Thereafter it appeared that the plaintiffs had not complied with the order as to costs, and on motion a judgment was entered upon the verdict in favor of the defendants. This was held to.

be error, on the ground that having found that the verdict should be set aside, the court could not make the payment of costs a condition precedent to setting aside the verdict; and for that reason the order granting the new trial was regarded as an absolute order, and the provision as to payment of costs was regarded not as a condition precedent, but as a proper order which could be enforced by execution. It will be noticed in this case that the court found that the verdict was against the evidence and ought to be set aside. The question to be decided in that case. as stated in the opinion, was this: "Can the court make the payment of costs a condition precedent, to setting aside the verdic, when the court has already found and the record shows the existence of facts requiring that such verdict should be set aside?" This is the question which arose in the case, and it was answered by the court in the negative. It will also be noticed in that case that the condition on which the new trial was granted was not complied with.

In both of these respects the case differs from the case at bar. Here it does not appear that the defendant was entitled to a new trial or that the court so found. On the other hand, from the fact that the court refused to grant the motion unless a bond was given, it sufficiently appears that the defendant was not entitled to a new trial. The court in the exercise of its discretion granted the new trial solely in consideration of the giving of the bond, as a matter of favor to the defendant and not because he had shown that he had good grounds for a new trial. Many of the authorities cited by counsel for defendants are similar to Heffner v. Scranton, *supra*. They are cases wherein it was sought to reverse the judgment of the court in granting the motion for a new trial on condition, and then overruling the motion and entering judgment on the verdict because of failure to perform the condition. No case is cited by defendant where a new trial was granted on condition and the condition was performed, nor where a new trial which rested in the discretion of the court was granted on condition.

Let us suppose in the case at bar, as may, I think, properly be done under the allegations of the petition, and in order to support the correctness of the action of the court, (and, as I am informed, was the fact), that the defendant, through the inadvertence or misapprehension of his attorney, failed to offer upon the trial material evidence, which he claimed would be produced upon another trial, and offered to give bond to pay any judgment that might be rendered against him, if

he was allowed a new trial, and that the bond having been given, the court, solely in furtherance of justice, and although the defendant was not entitled to it, set aside the verdict and granted a new trial. Under such circumstances, what good reason exists for holding that the defendants should now be relieved from their contract? The bond was voluntarily given. There was no fraud, nor mistake, nor coercion. The defendant received the benefit of a new trial which was granted to him solely on the faith of the bond, and the plaintiff, who in no way consented to the action of the court, lost the judgment which would have been entered on the verdict had not the bond been given. Simple justice to the plaintiff as well as good morals require, as it seems to me, that the defendants should keep their agreement.

In Battelle v. Connor, 6 Cal. 140, the trial court granted a new trial to the defendant on condition that he should file a stipulation waiving all objections to the pleadings, and consenting that the case be tried on its merits. The defendant filed the stipulation required, and the new trial was granted, and the new trial resulted in a judgment for the plaintiff. Upon the trial, after the plaintiff had concluded his testimony, the defendant moved for a non-suit upon the ground that the complaint was defective. The refusal of the court to non-suit the plaintiff was assigned as error, and also it was contended that the court erred in imposing upon the defendant a condition to the granting of a new trial. I quote from the opinion of the court:

"The complaint was defective, in not joining the persons who were proper parties to the suit; but this objection has been expressly waived by defendants, in order that they might have the benefit of a new trial of the cause; and the court properly refused the motion. It is contended that the court erred in imposing terms upon defendants, for that the court had no power to require defendant to waive any legal objection to the pleadings. We have decided in the case of May v. Hansoil, that the district court has power to impose terms to the granting of new trials in proper cases. Whether the case under consideration was a proper one, we do not think it necessary to determine. for the reason that we will not permit a party, after having complied with the terms proposed, and availed himself of the advantage of the order, to question its correctness."

And other cases might be cited to the same effect.

The mere fact that the bond was not given in pursuance of any statutory provision does

not invalidate it. If it was not prohibited by any statute, and was voluntarily given, without fraud or mistake and upon a good consideration, it must be regarded as a valid common law obligation. The granting of a new trial upon defendant's request without any legal right to it was a good consideration for the bond, and having voluntarily given it, and having received the benefit of a new trial, it seems to me the defendants should be estopped form denying their liability. The bond was given, so far as appears, and received, in good faith. I am not aware of any rule of public policy that was violated; and, indeed, I do not understand that such violation is claimed.

For the opinion of the Supreme Court of this state in analogous cases I refer to Miller v. Rhodes, 20 Ohio St., 494.; Martin v. Bolenbaugh, 42 Ohio St., 508.

My conclusions upon the whole case are that the bond was not executed as a condition to the exercise by the defendant of a legal right; that the granting of a new trial, being in the discretion of the court, was a good and lawful consideration for the bond, and having received the benefit of a new trial, the defendant and his surety are liable for a breach of the bond.

The demurrers are therefore each overruled.

Smith & Beckwith and U. G. Denman for plaintiff.

W. H. A. Read, for defendants.